UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENISE ANN GARCIA, as administrator of
the estate of JAMES J. HEALY, JR., deceased,

                                  Plaintiff,

      -against-

DUTCHESS COUNTY, DUTCHESS COUNTY
SHERIFF'S OFFICE, DEPUTY BENJAMIN
SISTARENIK, DEPUTY REVERRI, DEPUTY
PEARSALL, DEPUTY CASTANO, DEPUTY
PIASTRO, DEPUTY DAHLEM and DEPUTY
STUART,

                                Defendants.
------------------------------------------------------------------X

Case No.: 11-CV-1466 (KMK)

**AMENDED
COMPLAINT**

**JURY TRIAL DEMANDED**

The plaintiff, complaining of the above-named defendants, by her counsel, Certain & Zilberg

PLLC, respectfully alleges the following:

## JURISDICTION

1.  Jurisdiction is founded upon the existence of Federal Questions.

2.  This is an action to redress the deprivation under color of statute, ordinance, regulation,

    custom, or usage of rights, privileges, and immunities secured to the plaintiff by the Fourth

    and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C.

    § 1983 as well as pursuant to the common law of the State of New York.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 (3 & 4).

4.  Venue is appropriate pursuant to 28 U.S.C. § 1391 (b) (1 & 2).

5.  That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

6. Plaintiff DENISE ANN GARCIA is a resident of the United States of America, residing within the County of Dutchess, the City of Poughkeepsie and State of New York.

7. Plaintiff DENISE ANN GARCIA is the administrator of the estate of JAMES J. HEALY, deceased. (Mr. Healy's date of birth was October 3, 1965)

8. Plaintiff DENISE ANN GARCIA is the mother and natural guardian of KIMBERLY A. GARCIA, a minor under the age of 18.

9. CHRISTIAN L. GARCIA is a resident of the United States of America, residing within the County of Dutchess, the City of Poughkeepsie and State of New York.

10. KIMBERLY A. GARCIA and CHRISTIAN L. GARCIA are the natural children of DENISE ANN GARCIA and JAMES J. HEALY.

11. At all relevant times, the defendant DUTCHESS COUNTY was and is a municipal governmental entity organized and existing as such under and by the virtue of the laws of the State of New York.

12. Upon information and belief at all the times hereinafter mentioned the DUTCHESS COUNTY SHERIFF'S OFFICE is a department/political subdivision of the defendant DUTCHESS COUNTY and is a municipal entity duly organized and existing under and by the virtue of the laws of the State of New York.

13. At all times referred to herein, defendant DEPUTY BENJAMIN SISTARENIK (Badge #85) was a deputy sheriff of the DUTCHESS COUNTY SHERIFF'S OFFICE and employed by, and agent of, DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

14. At all times referred to herein, defendant DEPUTY REVERRI (Badge #22) was a deputy

2

sheriff of the DUTCHESS COUNTY SHERIFF'S OFFICE and employed by, and agent of, DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

15. At all times referred to herein, defendant DEPUTY PEARSALL (Badge #10) was a deputy sheriff of the DUTCHESS COUNTY SHERIFF'S OFFICE and employed by, and agent of, DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

16. At all times referred to herein, defendant DEPUTY CASTANO (Badge #4) was a deputy sheriff of the DUTCHESS COUNTY SHERIFF'S OFFICE and employed by, and agent of, DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

17. At all times referred to herein, defendant DEPUTY PIASTRO (Badge #86) was a deputy sheriff of the DUTCHESS COUNTY SHERIFF'S OFFICE and employed by, and agent of, DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

18. At all times referred to herein, defendant DEPUTY DAHLEM (Badge #7) was a deputy sheriff of the DUTCHESS COUNTY SHERIFF'S OFFICE and employed by, and agent of, DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

19. At all times referred to herein, defendant DEPUTY STUART (Badge #54) was a deputy sheriff of the DUTCHESS COUNTY SHERIFF'S OFFICE and employed by, and agent of, DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

20. Upon information and belief, that at all times hereinafter mentioned, the defendant DUTCHESS COUNTY was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant the individual defendant to this action was acting for, upon, and in furtherance of the business of his employer and within the scope of his employment.

21. Upon information and belief, that at all times hereinafter mentioned, the defendant

DUTCHESS COUNTY, its agents, servants and employees operated, maintained and controlled the DUTCHESS COUNTY SHERIFF'S OFFICE, including all deputy sheriffs officers and employees thereof.

22. The DUTCHESS COUNTY SHERIFF'S OFFICE, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the Sheriff of DUTCHESS COUNTY is responsible for the policies, practices and customs of the DUTCHESS COUNTY SHERIFF'S OFFICE as well as the hiring, screening, training, equipping, supervising, controlling and disciplining of its deputies, officers and civilian employees and is the final decision maker for that agency.

23. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983, as well as the common law and Constitution of the State of New York.

24. That a Notice of Claim was served on the defendants on or about September 3, 2010 and that as of this date plaintiff's demand for payment and compensation has not yet been addressed by the defendants.

25. Plaintiff DENISE ANN GARCIA was appointed as the administrator of the estate of James J. Healy on August 5, 2010.

26. A 50h Hearing was conducted on February 25, 2011.

27. That this action is commenced within one year and 90 days of the conduct giving rise to the instant litigation.

28. That each and all of the acts of the defendants alleged herein were done by the defendants, as state actors acting under the color of law.

4

## STATEMENT OF FACTS

29. On March 10, 2010, in the early morning hours, James J. Healy was at his girlfriend's house at 713 Slate Quarry Road, Rhinebeck, NY 12572.

30. Mr. Healy's girlfriend called 911 because Mr. Healy was sweating and acting erratically.

31. A number of New York State Troopers and Deputies from the Dutchess County Sheriff's Office, the individual defendants herein, responded.

32. The responding troopers and defendant deputies knew or should have known that Mr. Healy was under the influence of cocaine.

33. In their efforts to subdue Mr. Healy, defendant DEPUTY BENJAMIN SISTARENIK shot Mr. Healy on two separate occasions with a stun gun, discharging electrical current into the body of Mr. Healy.

34. As at least seven New York State Troopers and Dutchess County Deputies had responded to the scene, there was no need for the use of a stun gun on Mr. Healy.

35. Defendants knew or should have known that the stun gun is a dangerous device.

36. Defendants knew or should have known that there was an increased chance of possible death or other complications when utilizing a stun gun on an individual who had ingested cocaine.

37. Defendants knew or should have known that that it was unreasonably dangerous and inappropriate to use a stun gun on an individual when there was no resuscitation equipment ready to be used if necessary.

38. Defendant DEPUTY BENJAMIN SISTARENIK utilized the stun gun in a negligent and reckless manner, and with a disregard for the welfare of Mr. Healy.

39. Defendants knew or should have known that it was dangerous and potentially fatal to use a

5

stun gun on an individual when there was no resuscitation equipment ready to be used if necessary.

40. Mr. Healy died shortly after being shot with the stun gun.

41. Mr. Healy's death was proximately caused as a result of being shot with the stun gun.


**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF JAMES J. HEALY'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

43. That Mr. Healy's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that Mr. Healy was unlawfully subjected to excessive and unreasonable force by the defendant DEPUTY BENJAMIN SISTARENIK, who committed a battery against Mr. Healy.

44. That the excessive force that Mr. Healy was subjected to was affected by defendants without authority of law and without any reasonable necessity to use any force, much less the excessive force that they employed and the force employed was used without legal justification, without Mr. Healy's consent, with malice and with an intent to inflict pain and suffering.

45. That defendant DEPUTY BENJAMIN SISTARENIK utilized the stun gun in a negligent, reckless manner and with deliberate indifference for Mr. Healy's wellbeing.

46. That defendant DEPUTY BENJAMIN SISTARENIK utilized the stun gun without having appropriate medical/resuscitation equipment readily available when utilizing the stun gun, and in failing to follow known, appropriate, accepted protocol with regard to the utilization of stun guns.

47. That all the defendant deputies, as named herein, who were present and who failed to intervene to prevent the assault on plaintiff by defendant DEPUTY BENJAMIN SISTARENIK are liable to the plaintiff via their failure to intervene to prevent the preventable harms and violations of plaintiff's rights committed in their presence.

48. As a direct result of defendants' actions, Mr. Healy was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, more particularly Mr. Healy's right to be free from the use of excessive and unreasonable force.

49. That the defendants failed to provide adequate medical care to Mr. Healy.

50. That by reason of the unlawful use of excessive and unreasonable force, Mr. Healy was harmed physically in such a way that he suffered pain, anguish, and burns to his person, and ultimately died as a result of being tasered.

51. That the defendants are liable to the plaintiffs for the preventable harms and violations of Mr. Healy's rights.

52. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS, plus an award of punitive damages from the individual defendant, together with an award of attorney's fees and expert fees pursuant to 42 U.S.C. §1988.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**VIOLATION OF JAMES J. HEALY'S RIGHTS PURSUANT TO**
**NEW YORK STATE LAW**
**VIA FALSE ARREST**

53.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as if more fully and at length set forth herein.

54.  That Mr. Healy's rights have been violated by the defendants pursuant to the law of the

State of New York by the common law tort of false arrest and that New York CPLR

1601 does not apply pursuant to the exception provided by CPLR 1602(1)(b).

55.  That the defendants confined the plaintiff, in that Mr. Healy was not free to leave,

defendants intended to confine Mr. Healy, Mr. Healy was conscious of confinement (part

of the time), Mr. Healy did not consent to confinement and confinement was not

otherwise privileged.

56.  As a direct result of defendants' actions, Mr. Healy was deprived of rights, privileges and

immunities under the law of the State of New York being more particularly Mr. Healy's

right to be free from arrest without probable cause.

57.  That the said false arrest was caused by the defendants, without any legal justification,

without authority of the law and without any reasonable cause or belief that Mr. Healy

was in fact guilty of any crimes.

58.  That by reason of the unlawful arrest, Mr. Healy was subjected to an illegal confinement,

he incurred emotional harms, and physical harms, including the death of Mr. Healy.

59.  That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

TEN MILLION ($10,000,000.00) DOLLARS plus an award of punitive damages.

## AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
## VIOLATION OF JAMES J. HEALY'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA BATTERY

60.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

      paragraphs with the same force and effect as if more fully and at length set forth herein.

61.   That the defendant DUTCHESS COUNTY is vicariously liable to the plaintiff for the

      individual defendant's common law tort of battery via the principle of *respondeat*

      *superior* and that New York CPLR 1601 does not apply pursuant to the exception

      provided by CPLR 1602(1)(b).

62.   That defendant DEPUTY BENJAMIN SISTARENIK committed a battery on Mr. Healy

      in that his tasering of Mr. Healy was harmful, unconsented, and unjustified and in so

      doing defendant DEPUTY BENJAMIN SISTARENIK violated the laws and Constitution

      of the State of New York and otherwise violated Mr. Healy's rights under New York law.

63.   That by reason of the battery, Mr. Healy was harmed physically, receiving multiple

      electrical shocks causing burns about the body and resulting in death.

64.   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed

      TEN MILLION ($10,000,000.00) DOLLARS, and that plaintiff is entitled to an award of

      punitive damages.

## AS AND FOR AN FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## VIOLATION OF JAMES J. HEALY'S RIGHTS UNDER
## NEW YORK STATE LAW
## ASSAULT

65.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

66.  That on the aforementioned date, time and place defendants committed the tort of assault against Mr. Healy by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing defendants violated the laws and Constitution of the State of New York and otherwise violated Mr. Healy's rights under New York law

67.  That the defendant DUTCHESS COUNTY is vicariously liable to the plaintiff for the individual defendant's common law tort of assault via the principle of *respondeat superior* and that New York CPLR 1601 does not apply pursuant to the exception provided by CPLR 1602(1)(b).

68.  That by reason of the aforesaid, committed by defendants, Mr. Healy suffered injuries and he was otherwise damaged.

69.  That by reason of the aforesaid the plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and that plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## NEW YORK STATE TORT CLAIM
## NEGLIGENT HIRING, EQUIPPING, TRAINING AND RETAINING

70.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

       paragraphs with the same force and effect as if more fully and at length set forth herein.

71.    That the defendants DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S

       OFFICE were negligent, careless, reckless and deliberately indifferent in hiring,

       retaining, improperly training, equipping, and supervising the individual defendants in

       that the said defendants lacked the experience, deportment, ability and temperament to be

       employed by DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE,

       in that DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE failed

       to exercise due care and caution in its hiring practices, and in particular, in hiring the

       individual defendants, employees who lacked the mental capacity, temperament and the

       ability to function as employees of DUTCHESS COUNTY and DUTCHESS COUNTY

       SHERIFF'S OFFICE; failing to investigate the above-named individual defendants'

       backgrounds and in that DUTCHESS COUNTY and DUTCHESS COUNTY

       SHERIFF'S OFFICE hired and retained as employees of the department individuals who

       were unqualified in that the individual defendants lacked the maturity, sensibility,

       intelligence and self restraint to be employed when hired to be employees of defendants

       DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE.

72.    That the defendants DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S

       OFFICE failed to train its employees to control their tempers and exercise the proper

       deportment and temperament; to use force prudently and only when necessary, and to

otherwise act as reasonably prudent deputies; and in that DUTCHESS COUNTY and

DUTCHESS COUNTY SHERIFF'S OFFICE failed to give its employees proper

instruction as to their deportment, behavior and conduct as representatives of their

employers; and in that DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S

OFFICE, their agents, servants and employees were otherwise reckless, careless,

deliberately indifferent and negligent.

73.    That the defendants DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S

OFFICE were negligent, careless, reckless and deliberately indifferent in failing to teach

and instruct their agents, servants and employees as to the appropriate use of tasers,

including incidents where deputies know or should know that the target had ingested

narcotics, and regarding the necessity of having appropriate medical/resuscitation

equipment ready and available when utilizing a stun gun, and in failing to teach and

instruct their agents, servants and employees to follow known, accepted protocol with

regard to the utilization of stun guns.

74.    That DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE hired

and retained as employees violent persons with a propensity for violence.

75.    That DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE hired

and retained as employees dishonest persons with a propensity for dishonesty.

76.    That the aforesaid occurrences and resulting injuries to plaintiff's mind, body and

pecuniary harms therefrom, were caused wholly and solely by reason of the negligence of

DUTCHESS COUNTY and DUTCHESS COUNTY SHERIFF'S OFFICE, their agents,

servants and employees without any negligence on the part of Mr. Healy.

77.    That by reason of the negligence of DUTCHESS COUNTY and DUTCHESS COUNTY

SHERIFF'S OFFICE, Mr. Healy was subject to the unlawful use of excessive and

unreasonable force, a battery, plaintiff was harmed in a manner that resulted in his

untimely death.

78.    That by reason of the aforesaid, the plaintiff has been has damaged in a sum not to exceed

TEN MILLION ($10,000,000.00) DOLLARS, and that an award of attorney's fees is

appropriate pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**NEW YORK STATE CLAIM**
**WRONGFUL DEATH**

79.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior

paragraphs with the same force and effect as if more fully and at length set forth herein.

80.    That the defendants caused the wrongful death of James J. Healy, Jr.

81.    That by reason thereof KIMBERLY A. GARCIA and CHRISTIAN L. GARCIA have

lost the companionship and guidance of their father, have suffered emotional upsetment

caused by the death of their father, and have lost financial support provided and required

to be provided into the future by their father, as well as any and all inheritance that may

have been expected from Mr. Healy.

82.    The statutory distributes are entitled to compensation in a sum not to exceed TEN

MILLION ($10,000,000.00) DOLLARS, plus punitive damages from the individual

defendant.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS and punitive damages on the Second Cause of Action; in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS and punitive damages on the Third Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the Fourth Cause of Action; in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS on the Fifth Cause of Action; in a sum not to exceed TEN MILLION ($10,000,000.00) DOLLARS; plaintiff is entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on all her federal causes of actions together with costs and disbursements of this action on all causes of action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: March 8, 2011
       New York, New York

Gary T. Certain, Esq. [GTC-7509]
Certain & Zilberg, PLLC
Counsel to Plaintiff
909 Third Avenue, 28th Floor
New York, New York 10022
Telephone: (212) 687-7800
E-Mail: gcertain@certainlaw.com

14